# Manorville Borough, Appellant, *v.* Flenner.

*Boroughs—Ordinances—Storage of gasoline—Prohibitive ordinance—Act of May 14, 1915, P. L. 312—Legislative power.*

1. That which is not an infringement upon the public safety and is not a nuisance, cannot be made one by legislative fiat, and then prohibited.

2. Where a power conferred upon a borough is a general one, it can be exercised only in a reasonable manner.

3. Under section 22 of article I, chapter 5, of the Borough Code of May 14, 1915, P. L. 312, 334, which gives boroughs the power "to prescribe the quantities of inflammable articles that may be kept in one place," the borough may regulate the storage of gasoline.

4. A borough cannot, however, under the statute, enact an ordinance prohibiting the storage of more than 400 gallons of gasoline within the borough limits, where the court has found as a fact, on proper evidence, that the storage of gasoline in unlimited quantities in properly constructed and equipped tanks, such as were involved in this suit, is not dangerous to life or property.

Argued March 15, 1926. Appeal, No. 42, March T., 1926, by plaintiff, from judgment of Superior Ct., April T., 1926, No. 72, affirming order of Q. S. of Armstrong Co., June T., 1924, No. 1, setting aside summary conviction, in case of Manorville Borough v. Harry Flenner. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court.
Order of quarter sessions affirmed. Plaintiff appealed.

*Error assigned* was judgment of Superior Court, quoting record.

*Charles E. Harrington,* with him *Floy C. Jones,* for appellant.—Gasoline has legislatively been placed in the same category as blasting powder, dynamite and other inflammable or combustible chemicals and a proper subject of restraint in the use, storage, sale and keeping of same: Ligonier Val. R. R. v. Boro., 216 Pa. 221; Com. v. Grossman, 248 Pa. 11; Com. v. Snyder, 279 Pa. 234.

The opinion of the Superior Court is an encroachment on the legislature; it is in contravention of natural justice, and destroys the common rights of the people: Com. v. Sweeney, 281 Pa. 550; Farmers & Merchants Bank v. Bank, 26 U. S. 649; Collins v. Kephart, 271 Pa. 428.

*Harry A. Heilman* and *J. V. Frampton,* with them *J. H. Courtney,* for appellee.—The court has power to review and inquire into the reasonableness of an ordinance enacted under general powers delegated by the legisla-

ture: Klingler v. Bickel, 117 Pa. 326; Northern Liberties
Commissioners v. Gas Co., 12 Pa. 318; Kneedler v. Nor-
ristown, 100 Pa. 368; Com. v. Brann, 81 Pa. Superior
Ct. 38; Livingston v. Wolf, 136 Pa. 519; Phila. v. Brab-
ender, 201 Pa. 574; Chambersburg v. Porter, 82 Pa. Su-
perior Ct. 421; Easton City v. Miller, 69 Pa. Superior
Ct. 554; Lower Merion Twp. v. Becker, 42 Pa. Superior
Ct. 203; Setzer v. Pottsville, 73 Pa. Superior Ct. 573.

The ordinance is not a reasonable exercise of the gen-
eral powers: Gavigan v. Refining Co., 186 Pa. 604;
Braun v. Atlantic Refining Co., 27 Pa. Dist. R. 451.

The police powers are not without limitation: Pitts-
burgh Poster Advertising Co. v. Swissvale, 70 Pa. Su-
perior Ct. 224; Smyth v. Ames, 169 U. S. 466; Adams
v. Tanner, 244 U. S. 590; Dobbins v. Los Angeles, 195 U.
S. 223; Lawton v. Steele, 152 U. S. 133.

*Francis Shunk Brown,* with him *Ira Jewell Williams,
Jr., Yale L. Schekter* and *Ira Jewell Williams,* for At-
lantic Refining Co. and American Petroleum Institute,
amici curiæ.—The legislature has not conferred on bor-
oughs the power to prohibit the sale or storage of gaso-
line: Renick v. Boyd, 99 Pa. 555.

Whatever police power has been delegated by the
legislature to boroughs is subject to the inherent limita-
tion that it must be reasonably exercised.

The ordinance here in question is unreasonable.

OPINION BY MR. JUSTICE SCHAFFER, April 12, 1926:

The Borough of Manorville passed an ordinance which
prohibited the storage of more than four hundred gal-
lons of gasoline within the borough limits. The defend-
ant, Harry Flenner, an employee of the Sterling Oil
Company, was arrested and summarily convicted of vio-
lating this ordinance. On appeal the quarter sessions
held the ordinance unreasonable and he was discharged.
The borough appealed to the Superior Court, which af-

'firmed the judgment of the quarter sessions and from that action we have this appeal.

The borough sets up, as its authority for the enactment, the provisions, under "General Powers," of section 22 of article I, chapter 5, of the Borough Code of May 14, 1915, P. L. 312, 334, that such municipalities shall have power "To prohibit the manufacture, sale, or exposure of fireworks or other inflammable or dangerous articles; to prescribe the quantities of inflammable articles that may be kept in one place; and to prescribe such other safeguards as may be necessary." By appellee, it is argued that, under the ejusdem generis doctrine, this provision of the law does not cover the subject of gasoline; with this we do not agree. It is our conclusion, however, that, under the language quoted, the municipality has power to regulate the storage of dangerous commodities, which admittedly gasoline is, under certain conditions, but, as the power conferred by the Borough Code is a general one, it can be exercised only in a reasonable manner: Livingston v. Wolf, 136 Pa. 519; Kneedler v. Borough of Norristown, 100 Pa. 368; 28 Cyc. 370; 19 Ruling Case Law, page 805; Dillon on Municipal Corporations, 5th ed., page 943; McQuillan on Municipal Corporations, (1911) vol. 2, section 725. We further conclude that the storage limitation to four hundred gallons, under the safe conditions testified to by defendant's undisputed witnesses and found as facts by the court below, is not such a reasonable regulation. These witnesses, experts in their line, said there is no danger in the storage of gasoline in tanks of the kind set up in the borough. This fact makes the situation here analogous to that before the Supreme Court of the United States in the recent case of Weaver v. Palmer Brothers Co., 46 U. S. Supreme Ct. Rep. 320. In that case, the court had for consideration the act of our legislature (Act of June 14, 1923, P. L. 802) which prohibited the use of shoddy in the making of mattresses, pillows, comfortables, etc. In holding the statute invalid, the court said: "While

[shoddy] is sometimes made from filthy rags, and from other materials that have been exposed to infection, it stands undisputed that all dangers to health may be eliminated by appropriate treatment at low cost......
Here, it is established that sterilization eliminates the dangers, if any, from the use of shoddy. As against that fact, the provision in question cannot be sustained as a measure to protect health......The business here involved is legitimate and useful; and, while it is subject to all reasonable regulation, the absolute prohibition of the use of shoddy in the manufacture of comfortables is purely arbitrary and violates the due process clause of the Fourteenth Amendment."

Summarizing the findings of the trial judge, more fully appearing in the opinion of the Superior Court, and which were not excepted to, it was concluded that the storage of gasoline in unlimited quantities in properly constructed and equipped tanks such as those erected in plaintiff borough is not dangerous to life or property, and it can be and is stored in large quantities in thickly populated districts without danger, that the storage of the amount of gasoline provided for in the tanks in question, 36,000 gallons, is not dangerous within itself, if properly regulated, and, when properly supervised, the use of such appliances for the storage of gasoline as have here been provided does not create a fire hazard to the traveling public or the inhabitants of plaintiff borough. Under these findings, it could not be determined otherwise than that the ordinance in question is unreasonable. It was conclusively shown that not the amount of gasoline stored, but the manner of its storage, determines the question of danger therefrom and that as here stored in modern scientifically constructed tanks it is not dangerous. That "which is not an infringement upon the public safety and is not a nuisance, cannot be made one by legislative fiat and then prohibited": Bryan v. City of Chester, 212 Pa. 259, 262.

The judgment is affirmed.