## Scholl *v.* Yeadon Borough et al., Appellants.

Argued November 20, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*E. Leroy van Roden,* for appellants.

*Thomas J. Reilly,* with him *Albert H. Pearce,* for appellees.

OPINION BY HIRT, J., April 29, 1942:

This is an appeal from an ordinance[1] enacted by defendant borough on October 10, 1940, establishing "set-back building lines" on Church Lane under the authority of the Act of June 29, 1923, P. L. 957, §1, 53 PS 15731. Cf. Borough Code of May 4, 1927, P. L. 519, art. XII, §1202, cl. XXV, 53 PS 13337. The borough had previously enacted a zoning ordinance and a building code but the ordinance in question was the first attempt to establish building lines within the borough. It applies to but two parts of the business district of the borough along Church Lane, one between Guenther and Whitby Avenues and the other between Baily Road and Myra Avenue.[2] These two sections of the borough are not contiguous and there is no ordinance establishing building lines along Church Lane in the block north of Whitby Avenue to Longacre Boulevard nor in the block beyond, extending to Baily Road.

Of the 280 feet of land fronting on the east side of Church Lane between Whitby and Guenther Avenues plaintiff owned 196 feet. Between the south line of his land and Guenther Avenue, long before the ordinance, there were five store buildings with a total frontage of

[1] Allowed by the Act of May 4, 1927, P. L. 519, §1010, 53 PS 12900.

[2] The following are the material provisions of the ordinance: "Section 3: The set-back of any building to be erected altered or repaired on the West side of Church Lane between Myra Avenue and Baily Road shall be not less than eight feet from the streetline. Section 4: The set-back of any building to be erected, altered or repaired on the East side of Church Lane between Myra Avenue and Baily Road shall be not less than three feet from the streetline. Section 5: The set-back of any building to be erected, altered or repaired on the East and West sides of Church Lane between Guenther and Whitby Avenues shall be not less than ten feet from the streetline." No other building lines were established by the ordinance.

84 feet, all uniformly set back about 10 feet from the streetline. Plaintiff had improved his corner lot extending southwardly from Whitby Avenue 100 feet as a gasoline service station with pumps on an "island" within 8 1/2 feet from the line of Church Lane. In July 1940 he had completed a market building adjoining the corner property and extending southwardly with a frontage of 72 feet. This building was set back but 3 feet from the line of Church Lane. He then proceeded to improve the remaining 24 feet of his vacant land immediately south of the market property. On September 30, 1940, he delivered a set of plans to the building inspector of the borough as an informal application for a building permit, followed by an application in writing on October 9, 1940. The plans called for a building set back 3 feet from Church Lane to conform with the building line of the market house adjoining it on the north. In the meantime the borough proceeded to enact the ordinance in question and it was finally passed on October 10, 1940. In it the borough established an applicable set-back building line at 10 feet from the streetline; plaintiff was refused a building permit. He as a party aggrieved had the right of appeal from the ordinance. Act of 1927, supra.

Set-back ordinances generally have received judicial sanction as lawful exercise of the police power, where the restriction has a substantial bearing on the health, safety, morals or general welfare of the public. (See note 53 A. L. R. 1222). The question whether an ordinance controls the owner's use of property for the public good is "largely legislative, with which courts only interfere to prevent an arbitrary abuse of power." *Kerr's Appeal,* 294 Pa. 246, 144 A. 81. Within these limitations legislative determination as to what is a proper exercise of the police power is subject to the supervision of the courts. *Junge's Appeal (No. 2),* 89

Pa. Superior Ct. 548. We are concerned therefore with the question whether the ordinance, in dealing with a recognized police purpose, went beyond proper bounds.

The issues in this appeal raise no new questions of law. In general an ordinance which without reason or necessity restricts one's use of his land or imposes a limitation which is oppressive, cannot be enforced. *Bryan v. City of Chester,* 212 Pa. 259, 61 A. 894; *Kneedler v. Borough of Norristown,* 100 Pa. 368. In *DeBlasiis et al. v. Bartell & Oliveto,* 143 Pa. Superior Ct. 485, 18 A. 2d 478, a case where an owner violated a zoning ordinance by an addition to his building, President Judge KELLER, in referring to the principle that such ordinance must be uniform in its application, said: "While the City Council has broad powers in this respect, it has no right or authority to place restrictions on one person's property and arbitrarily and by mere favor remove such restrictions from another's property, there being no reasonable ground or basis for the discrimination. In *White's Appeal,* 85 Pa. Superior Ct. 502, 507, 508, affirmed 287 Pa. 259, 266, 134 A. 409, this court and the Supreme Court held that an ordinance was unreasonable and void which permitted unreasonable discrimination as to the distance that buildings must be set back from the street. On the general principle that a zoning ordinance must not be unreasonably discriminatory, see *Taylor v. Haverford Twp.,* 299 Pa. 402, 414, 149 A. 639; *Taylor v. Moore,* 303 Pa. 469, 478, 154 A. 799; and the leading cases of *City of Aurora v. Burns,* 319 Ill. 84, 149 N. E. 784, 788, and *Zahn v. Los Angeles,* 195 Cal. 497, 234 P. 388."

More specifically, in dealing with a zoning ordinance fixing set-back building lines, the Supreme Court in *White's Appeal,* supra, affirmed principles which rule the present appeal. It was there said: "the power to thus regulate does not extend to an arbitrary, unneces-

sary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare. The exercise must have a substantial relation to the public good within the spheres held proper. It must not be from an arbitrary desire to resist the natural operation of economic laws or for purely aesthetic considerations: *Welch v. Swasey*, 214 U. S. 91; *Coppage v. Kansas*, 236 U. S. 1, 18; *Boyd v. United States*, 116 U. S. 616, 635; *St. Louis Poster Advertising Co. v. St. Louis*, 249 U. S. 269; Cooley on Constitutional Limitations, 768. While such regulations may not physically take the property, they do so regulate its use as to deprive the owner of a substantial right therein without compensation. 'We are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change'; *Pennsylvania Coal Co. v. Mahon*, 260 U. S. 393, 416."

In the White case a zoning ordinance was held to be unconstitutional because of gross discrimination in establishing set-back building lines at variable distances in different squares in a residential district, and farther from the property line on one side of a street than on the other. The ordinance in the present case is more discriminatory than that involved in the White case (though dealing with a different class of property) and must fall for the same reason. Here the ordinance dealt with two separated blocks in the business section of the borough leaving the owners of land, fronting on Church Lane in the two intervening blocks, free to build upon their land as they chose. The ordinance within itself, lacks uniformity in its operation and is inconsistent and discriminatory. Between Guenther and Whitby Avenues building lines were set back 10 feet from Church Lane

on both sides of the street, but between Baily Road and Myra Avenue the building line on the west side of Church Lane was fixed at not less than *eight* feet from the street line and on the east side of Church Lane at not less than *three* feet. Its effect upon property owners was not uniform. The set-back lines varied from 3 to 10 feet. Appellant contends that one of the purposes of the ordinance was to make "wider sidewalk areas available."[3] But in that respect it did not accomplish a uniform result. The sidewalks on Church Lane between two intersecting streets, if the set-back areas are included, would be 17 feet wide. In the other block on one side of the street the sidewalk would be extended to 18 feet in width and on the other side to but 15 feet.

Viewed purely as a set-back ordinance for legitimate regulatory purposes under the police power, the ordinance is invalid for lack of uniformity in its application; it is discriminatory and does not operate on all alike.

Judgment affirmed.

---

[3] That purpose cannot be accomplished by an exercise of the police power. Eminent domain provides the appropriate and exclusive procedure for the widening of streets. *White's Appeal,* supra; *Penna. Coal Co. v. Mahon,* supra; Borough Code, §1401, 53 PS 13421.