### New Hanover Township v. Young

*Willard C. Hetzel*, for plaintiff.

*John R. Henry* and *O'Donnell, Weiss, Mattei & Suchoza*, for defendants.

HONEYMAN, J., June 13, 1962. — In this case, the Township of New Hanover brought suit in equity, alleging, in separate counts, two causes of action. The first count alleges violation by defendants of the township building code and prays for injunctive relief. In the second count of the complaint, it is alleged that defendants are violating New Hanover Township Ordinance 61-3, as amended by 61-4, and the prayer is that defendants be enjoined from operating their used car business within the township . . .

As this court said in Commonwealth v. Pugh, 39 D. & C. 98, 56 Montg. 248 (1940), a township can exercise only such powers as are expressly conferred upon it by statute. Defendants contend, and we are of the opinion, that section 1 of this ordinance exceeds the authority of the township created by the enabling legislation hereinafter cited, in that there is a flat prohibition

against the operation of certain businesses and occupations less than 1,500 feet (less than 500 feet by the 61-4 amendment) distant from any dwelling without there being any provision for determination as to whether or not these acts would have constituted nuisances at common law or whether they are nuisances in fact at the time the prohibited acts were committed.

The township argues, however, that statutory authority for this ordinance may be found in the Second Class Township Code of May 1, 1933, P. L. 103, as amended, sec. 702, cl. XII, 53 PS § 65712, which confers upon the township the power:

"To prohibit nuisances, including but not limited to, accumulations of garbage and rubbish, and the storage of abandoned or junked automobiles, on private and public property, and the carrying on of any offensive manufacture or business; and to remove any nuisance or dangerous structure on public or private grounds after notice to the owner to do so, and, in his default, to collect the cost of such removal, together with a penalty of ten dollars from the owner by summary proceedings. In the exercise of the powers herein conferred, the township may institute proceedings in courts of equity."

We cannot accept this argument. In discussing this section of the code, the Superior Court said, in Commonwealth v. Christopher, 184 Pa. Superior Ct. 205, 210 (1957):

". . . What is not an infringement upon public safety and is not a nuisance, cannot be made one by legislative fiat and then prohibited. Manorville Borough v. Flenner, 286 Pa. 103, 133 A. 30. While a certain activity might be deemed undesirable in one section or area of a municipality, it may not be considered such in another. Hence, municipalities were granted the right to zone the various sections or areas to separate business and industrial areas from residential areas. Here,

however, the attempt is not to zone or limit but to prohibit, and this prohibition applies throughout the entire area of the township. . . . What the legislature intended to grant to second class townships was the power to prohibit nuisances or offensive businesses, expressly to be declared as such in an ordinance, and not the power to abolish a lawful business conducted in such manner as to amount to a nuisance . . . "

Since the operation of a used car lot is not a nuisance or an "offensive manufacture or business," and certainly not an infringement upon public safety, the township is without authority to abolish it, because ordinances which prohibit otherwise lawful activities must allow for some determination as to whether a nuisance in fact exists: Commonwealth v. Hanzlik, 400 Pa. 134 (1960).

The ordinance is also invalid on other grounds. The Second Class Township Code, sec. 702, cl. XXV, 53 PS § 65725, empowers a township to adopt and enforce zoning ordinances, regulating, inter alia, the location, construction and use of buildings, and the use of land. Since sections 2, 3, 5, 6, 7 and 8 of the ordinance in question seek to regulate the location, construction and use of buildings and the use of land, it is a "zoning ordinance" within the meaning of this section of the code. As zoning, the ordinance is clearly invalid on its face and as applied to the present defendants. The safeguards required by the zoning sections of the Second Class Township Code have not been furnished. Among other deficiencies, the ordinance fails to comply with section 2003 of the code (53 PS § 67003) which provides that the regulations shall be made in accordance with a comprehensive plan. Without the required comprehensive plan, the ordinance cannot stand: Eves v. Zoning Board of Adjustment, 401 Pa. 211 (1960). In addition, there is no zoning commission as required by section 2006 (53 PS § 67006), and there is no three-

man board of adjustment as provided for in section 2007 (53 PS § 67007). Moreover, the procedure set out in section 2004 (53 PS § 67004) has not been followed. As was said in Kline v. Harrisburg, 362 Pa. 438, 451 (1949):

"Of course, it is well settled that zoning is a proper exercise of the police power and has a direct relation to the preservation of health, safety and general welfare. It is to be remembered, however, as was stated in White's Appeal, 287 Pa. 259, 266 (1926) that 'While (zoning) regulations may not physically take the property, they do so regulate its use as to deprive the owner of a substantial right therein without compensation.' Powers with such serious consequence should be exercised only in the manner designated by the legislature."

Thus the ordinance is invalid as going beyond the zoning power granted to second class townships by the enabling legislation.

Section 4 of the ordinance seeks to prohibit display of certain articles of merchandise outside buildings which are larger than certain dimensions which are arbitrarily provided therein and which said dimensions would obviously prohibit the outside display of automobiles for sale. It further seeks to set up specific requirements for the points on any particular lot where the merchandise may be displayed and seeks to require hard-surfaced pavement for the displaying of such merchandise. There is absolutely no provision in the Second Class Township Code empowering a municipality to regulate business in this fashion. Therefore, the only way it could possibly be a lawful ordinance is to conclude that it comes within the swathe of the general police power of the township. In Gambone v. Commonwealth, 375 Pa. 547 (1954), the Pennsylvania Supreme Court said, at page 551, as follows:

"By a host of authorities, Federal and State alike,

it has been held that a law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the public interests, the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the police power, is one for the judgment, in the first instance, of the law-making branch of the government, but its final determination is for the courts."

Applying this test to the instant case, this court is of the opinion that section 4 of ordinance 61-3 is not directly related to the public good, and is unreasonable in the means it prescribes. It is obvious that this provision is designed to prohibit the display of automobiles for sale, or other motor vehicles, within the township, or for that matter, any other large articles of merchandise. It is, therefore, an arbitrary, unnecessary, and unreasonable interference with the private ownership of property and the conduct of a lawful business.

The remaining sections of the ordinance, to wit, sections 9, 10, 11 and 12 do not need to be discussed herein by reason of the fact that they merely provide the administrative and judicial procedures to be followed for violation of the first eight sections which we have already declared to be illegal, invalid and void. Although the township may have had admirable objectives in mind in passing this ordinance, these objectives may not be accomplished in the manner attempted. As was stated in Medinger Appeal, 377 Pa. 217, 225 (1954) :

". . . property owners have certain rights which are ordained, protected and preserved in our Constitution

and which neither zeal nor worthwhile objectives can impinge upon or abolish."

It may well be that the township could amend the second count of its complaint in order to state a cause of action for common law nuisance, and, therefore, we enter the following

### Order

And now, June 13, 1962, defendants' preliminary objections to the second count of plaintiff's complaint are sustained and same is dismissed unless plaintiff files amendment thereof within 20 days from the date of this order.