## Parvin v. Leesport Borough

*Edelman & Edelman by Paul H. Edelman,* for appellant.

*Snyder, Balmer & Kershner by Carl F. Mogel,* for respondent.

HESS, P. J., May 10, 1965. — Petitioner, Mary Ives Parvin, has appealed to this court from the decision of the Borough Council of the Borough of Leesport refusing to issue a permit for the construction of an automobile gasoline service station upon her property. The action of the borough council was predicated upon the borough's ordinance no. 187 which purports to regulate the erection, construction or location of gasoline stations, etc. and specifically in section 6 thereof prohibits the issuance of permits "for the building, erection, construction or installation of any gasoline station, automobile service station, or tanks or containers for the storage and sale of gasoline and/or other inflammable motor fuels within the borough where such building, erection, construction or installation shall be within 300 feet of any lot or plot used for any school, church, public library, museum, hospital, theatre or public meeting house; or at any location where, by reason of traffic conditions or fire or explosive hazards, the public safety or welfare would be imperiled."

Centre Avenue, also known as State Highway Route 61, extends through the borough of Leesport in a generally north-south direction. Wall Street intersects Centre Avenue, and petitioner's property is located on the southwest corner of said intersection. Directly across Centre Avenue from petitioner's property is a two-story brick school building which provides instruction for elementary school pupils. Centre Avenue itself is a four-lane highway, and within the limits of the borough, along both sides of said highway, are constructed residences and business properties, including gas stations, a garage, stores and like properties.

Petitioner filed an application for a permit and the issuance thereof was refused for the reason that coun-

cil concluded that the proposed use of petitioner's property would violate the provisions of ordinance no. 187. Petitioner questions the motives of borough council in enacting said ordinance, and challenges its validity, alleging its enforcement is a violation of and interference with her right of property under the Constitution. The borough contends that it acted within its police powers to protect the health, general welfare and safety of its inhabitants.

While the record taken in this court might furnish some basis for petitioner's concern relative to the motives of individual members of council, it is abundantly clear that under the law the legality of the acts of a legislative body cannot be tested by the motives of individual members or circumstances they may lay hold of to carry out their measures: Pottsville Borough v. Pottsville Gas Company, 39 Pa. Superior Ct. 1. We will concern ourselves with a consideration of whether or not the ordinance is in fact a reasonable exercise of the police powers of the borough to protect the health, safety and welfare of its citizens.

The borough contends that the restriction against erection of gasoline stations within 300 feet of any lot used for a school is a reasonable regulation. It further contends that petitioner's proposed use of the property would create hazaradous conditions by reason of fire, explosion or traffic. It is interesting to note that in the excerpt of the minutes of the council meeting of April 10, 1963 at which the permit was refused, the refusal was based on "that portion of section 6 of ordinance no. 187, stating that no permit be issued for a service station where such station is within 300 feet of any lot used for school purposes, and the Mary Ives Parvin property is within 300 feet of Ontelaunee Grade School." See record of proceedings filed pursuant to certiorari from this court. Apparently, at that time the motion was not predicated upon fire or traffic

hazards but merely upon the basis of the distance the property was located from the school in question.

The borough places great reliance upon the decision of this court in the case of Huetsch v. Grove, 16 D. & C. 86. In the cited case in 1930 the court upheld a similar ordinance of the city of Reading and recognized the ordinance as a valid exercise of the police power of the city, saying at p. 89: "Gasoline is a highly inflammable substance, great quantities of which are employed in modern life." This court could scarcely come to a similar conclusion upon the facts before us when the borough stipulates as it did in this case, N. T. 39, that: "We are willing to stipulate that the existence of a gas station at this location will not increase the fire or explosive elements as distinguished against the same thing for its same use. Our decision is not based that there is an increased hazard by reason of explosion or fire." As was said by Mr. Justice Bell, now chief justice, in a footnote to his opinion in the case of Erie v. Gulf Oil Corporation, 395 Pa. 383 at page 388: "It is a matter of common knowledge that science in the last 30 years has greatly improved safeguards against explosions and fire hazards." In the same case, p. 388, the opinion writer quoted with approval the language found in Manorville Borough v. Flenner, 286 Pa. 103 that: "We have decided that gasoline in storage in built-up sections is not only not a nuisance per se, but it is not dangerous as a fire hazard." The court indicates that it is not the amount of gasoline but the manner of its storage that determines the question of danger.

In view of the stipulation of the borough to which we have referred and the modern view relative to gasoline and gasoline stations as a fire hazard, we find as a fact that the proposed use of petitioner's property for a gasoline station would not create a fire or explosion hazard.

If the proposed use would not create such hazard,

we fail to see how the prohibition relative to the erection of a gasoline station within 300 feet of a school building can be a reasonable exercise of the police power unless it can somehow be related to the creation of a traffic hazard, as the borough contends it would be. An expert for the petitioner testified that the proposed gasoline station would not create a traffic hazard, and the police chief of the borough and another witness testified to a contrary opinion. We are inclined to accept the opinion of petitioner's witness. The principal witness for the borough on that point conceded, N. T. pp. 47-48, that a gas station would not necessarily be hazardous at the location in question. It was his opinion that the proposed placing of the driveways would make for hazardous conditions. If such be the case, the borough, in the exercise of its police power, could appropriately regulate the placing of driveways and the use thereof rather than take a position that a gas station at that location be prohibited.

We are satisfied that an ordinance prohibiting erection of a gas station within 300 feet of a school building without more is an unreasonable interference with the right of a property owner to use his property for a reasonable purpose. This is especially true when we cannot find as a fact that the proposed use would create any real hazard by way of fire, explosion or traffic that would be unusual to any other property or use. In Bryan v. City of Chester, 212 Pa. 259, the Supreme Court of Pennsylvania at page 262 quoted with approval language used by the appellate court of a sister state in relation to a similar problem: "All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity cannot be enforced." In Commonwealth v. Christopher, 184 Pa. Superior Ct. 205, 210, it is reiterated that: "While the regulation of such

enterprises is legitimately within the scope of the police power, due regard must be had to the constitutional safeguards which demand that such regulations shall not be unreasonable, arbitrary or capricious and that the means adopted shall have real and substantial relation to the object to be attained."

We conclude that ordinance no. 187 represents an unreasonable interference with the right of property of petitioner and does not represent a reasonable exercise of the police power of the borough for the health, safety and welfare of its citizens. The language of Mr. Justice Bell, now chief justice, in Medinger Appeal, 377 Pa. 217, 226, is applicable: "This ordinance flies in the face of our birthright of liberty and our American way of life, and is interdicted by the Constitution."

And now, May 10, 1965, the appeal of Mary Ives Parvin challenging the validity of ordinance no. 187 of the borough of Leesport is sustained.