## Mount Carmel Borough v. DiRienzo

*Carleton M. Strouss*, for plaintiff.

*Sidney Apfelbaum* and *Frank Rejevich*, for defendant.

KIVKO, P. J., October 24, 1966.—Defendant has challenged the validity of a parking ordinance enacted by the Borough of Mount Carmel.

The provision of the ordinance complained of reserves certain marked parking spaces along the eastern side of Spruce Street between Fourth and Fifth Streets "for the Lady Jane Manufacturing Company office staff and abutting home owners".

Under the authority of this ordinance, five parking spaces in front of the Lady Jane Manufacturing Company (Lady Jane) plant were reserved for its staff and marked accordingly. Defendant, who lived on the western side of the street almost directly across from the plant, parked in one of the spaces. He was charged with and convicted of violating the ordinance. A penalty of $5 and costs was imposed. This appeal followed.

Defendant does not question the authority of the borough to regulate parking. It is part of the police power delegated to municipalties by the State: Section 1202 of The Borough Code of May 4, 1927, P. L. 519, as reenacted and amended, 53 PS §§46202 and 46254; section 1103 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1103.

But a municipality may not abuse its power. The legislative determination as to what is a proper exercise of police power is subject to judicial review: Adams v. New Kensington, 357 Pa. 557, 564, (1947): Scholl v. Yeadon Borough, 148 Pa. Superior Ct. 601, 604, (1942).

The testimony taken at the hearing held de novo established that the ordinance was passed at the request of Lady Jane's management as a matter of convenience to its staff. To attract and keep an industry for the employment of its people is one of the most compelling objectives of practically every community. This is particularly true of communities which over the years have been losing the economic sustenance once provided by the anthracite mining industry and are attempting to replace it with other industries. The borough council, in adopting the ordinance, considered that the good will it thus showed and the encouragement it offered to an industry which it considered a valuable asset to the community justified its action.

The testimony, however, also established that although there were approximately eight other manu-

facturing plants in the borough, none of them was granted the parking privileges given to Lady Jane. There is no testimony that any other business establishment was granted such privileges. Neither was there any testimony relating the ordinance to the health, safety, morals or general welfare of the public.

The judicial investigation required by this appeal does not permit the court to pass on the wisdom of the policy adopted by the borough council. It is concerned only with the question of whether the ordinance it enacted was beyond the bounds of its authority: White's Appeal, 287 Pa. 259, 265, (1926).

Article III, sec. 7, of the Pennsylvania Constitution provides: "The General Assembly shall not pass any local or special law ... granting to any ... individual any special or exclusive privilege or immunity. ..." Although this refers to limitations on the powers of the General Assembly, it is pertinent on the question of the power of a municipality: Francis v. Neville Township, 372 Pa. 77, 80 (1952).

The portion of the ordinance forbidding parking to all except Lady Jane's staff does not attempt to differentiate between those to whom restriction applies and those to whom it does not apply on the basis of any reasonable classification. It does not, for example, provide parking for any class of employers. It permits parking for only one employer specifically and particularly mentioned in the resolution. This cannot be done: Francis v. Neville Township, supra.

There are no unusual circumstances resulting in exceedingly great hardship which would bring this case within the exception dealt with in Mellinger v. Kuhn, 388 Pa. 83 (1957). It is, rather, the type of discriminatory legislation, without substantial relationship to the health, safety, morals or general welfare of the public, that is deemed arbitrary, unreasonable, beyond the police power of a municipality and, therefore, invalid: Scholl v. Yeadon Borough, supra.

The portion of the ordinance restricting parking to the abutting home owners on the east side of Spruce Street between the Lady Jane plant and Fifth Street must fall for the same reasons. The homes involved are one single and two double dwellings. A regulatory or prohibitory ordinance must have a reasonable basis for classification, considering the end in view and the object of the regulation or prohibition. Where it is unreasonably discriminative or arbitrary, it is invalid: 26 P. L. Encyc. 24 §416.

Our finding that certain portions of the ordinance are beyond the proper bounds of the borough council's authority does not affect the rest of the ordinance. The defective portions are distinctly separable from the remainder of the ordinance, which in itself contains the essentials of a complete enactment.

An ordinance may be partially valid and partially invalid, and if the provisions are distinct and not so interwoven as to be inseparable, the court should sustain the valid portions: Saulsbury v. Bethlehem Steel Company, 413 Pa. 316, 320 (1964).

We, therefore, make the following

## ORDER

And now, October 24, 1966, the portion of section 2 of the ordinance enacted by the Borough of Mount Carmel on March 8, 1965, regulating parking conditions on Spruce Street between Fourth and Fifth Streets, which reads as follows, is hereby declared invalid:

". . . And also reserving marked parking spaces on said Eastern side from Fifth Street Northwardly to the Southern line of the loading zone for the Lady Jane Manufacturing Company office staff and the abutting home owners of the said Eastern side of Spruce Street between Fourth and Fifth Streets. . . ."

The appeal of defendant is sustained. An exception is noted for plaintiff.