## Borough of Spartansburg v. Wellman

*Stuart A. Culbertson,* for plaintiff.

*Thomas, Shafer, Walker, Dornhaffer & Swick,* for defendant.

THOMAS, J., August 19, 1969.—This is an appeal by defendant from a conviction before a justice of the peace on a charge of violating a borough ordinance.

Defendant contends that the ordinance under which he was convicted was an improper exercise of the police power of the borough and, therefore, invalid.

The parties stipulated as to the facts. According to the stipulation and the transcript, the Borough of Spartansburg adopted Ordinance No. One, Series of 1966, which provides as follows, so far as is relevant to the issue now before the court:

"WHEREAS, the practice of keeping or maintaining of unlicensed, uninspected, wrecked or junked motor vehicles constitutes a hazard to the health and safety of citizens and residents of the Borough.

"NOW, THEREFORE, Be it Ordained and Enacted by the Borough Council of the Borough of Spartansburg as follows:

"1. No person, partnership, corporation or association shall store, abandon or keep any *unlicensed, uninspected,* wrecked or junked motor vehicles upon any lands within the Borough unless the same be within a closed building." (Emphasis supplied.)

Defendant, Horace E. Wellman, was arrested under said ordinance for keeping a 1959 uninspected Ford automobile on his property outside of a building for a period of at least two months. The substance of defendant's argument is that there is no reasonable relationship between having an unlicensed and/or uninspected motor vehicle upon private property, even outside of a closed building, and the health and safety of

the people and that, therefore, the ordinance is to that extent invalid. We agree.

This ordinance was undoubtedly enacted under subsection 5 of section 1202 of the Act of February 1, 1966, P. L. (1965) 1656, 53 PS §46202(5). This subsection provides that the borough shall have the power:

"(5) Nuisances and dangerous structures. To prohibit and remove any nuisance, including but not limited to accumulations of garbage and rubbish and the storage of *abandoned* or *junked* automobiles and to prohibit and remove any dangerous structure on public or private grounds, or to require the removal of any such nuisance or dangerous structure by the owner or occupier of such grounds, in default of which the borough may cause the same to be done, and collect the cost thereof, together with a penalty of ten per cent of such cost, in the manner provided by law for the collection of municipal claims, or by action of assumpsit, or may seek relief by bill in equity." (Emphasis supplied.)

The same presumption of constitutional validity that attends an act of the legislature is equally applicable to municipal ordinances whether they be enacted by the council of a city, town or borough or by the commissioners or supervisors of a township: Honey Brook Township v. Alenovitz, 430 Pa. 614, 243 A. 2d 330 (1968). Therefore, as has been repeatedly stated, an ordinance, like an act of assembly, should not be declared unconstitutional unless it "clearly, palpably, and plainly violates the Constitution": Daly v. Hemphill, 411 Pa. 263, 191 A. 2d 835 (1963).

We must direct our inquiry, therefore, to whether the borough has the power to prohibit the placing of unlicensed and/or uninspected vehicles upon private property outside of a building whether or not such activity constitutes a nuisance in fact or a hazard in fact to the health and safety of citizens and residents

of the borough. In making this inquiry, it must be kept in mind that a borough is but a political subdivision of the Commonwealth and has only those powers granted to it by the legislature: Commonwealth v. Hanzlik, 400 Pa. 134, 161 A. 2d 340 (1960). We think the answer is clearly mandated not only by a reading of the above section of the Borough Code itself but also by the appellate court decisions. The aforesaid section of the Borough Code refers to "storage of *abandoned* or *junked* automobiles" and not to *unlicensed* and *uninspected* vehicles. Even where such "abandoned or junked automobiles" are involved, the courts have held under similar legislative wording that the actual conditions must be considered. As was said in the case of Commonwealth v. Hanzlik, supra, wherein a similar provision of the Second Class Township Code was considered, the court held, page 137:

"The intent of the legislature in passing the above Act seems clear. Second-class townships were thereby given the right to prohibit nuisances, which in a given case might include the storage of abandoned or junked automobiles. The legislature, however, did not declare or define such storage as a nuisance per se. Nor did it give the townships the power to do so. Nowhere in the Code is there language expressing any such intention. Rather, the statutory language employed can reasonably be construed only as authorizing the local governing bodies to declare such activities to be nuisances when, *based upon actual conditions in the township, they constitute nuisances in fact.*" (Emphasis supplied.)

The relevant principle is even more directly set forth in Adams v. New Kensington, 357 Pa. 557, 55 A. 2d 392 (1947):

"In Sayre Borough v. Phillips, 148 Pa. 482, 488, 24 A. 76, it was said: 'By the organization of a city or borough within its borders, the state imparts to its

creature, the municipality, the powers necessary to the performance of its functions, and to the protection of its citizens in their persons and property. The police power is one of these. Ordinances of cities and boroughs, passed in the legitimate exercise of this power, are therefore valid. . . . Of course, any restriction imposed by such an ordinance on the use of property must be reasonably conducive to the safety, health, morals or general welfare of the public, for the exercise of the police power is always subject to judicial review and a law based upon it must not be patently beyond the necessities of the case but must bear some rational relation to the end to be attained: (Citing cases)."

In this case, the borough has not only exceeded the authority granted by the Borough Code but the restriction imposed does not bear a reasonable relationship to the protection of the health, safety, morals or general welfare of the public. See also Price v. Smith, 416 Pa. 560, 562, 207 A. 2d 887, 888 (1965).

In short, we fail to see how an unlicensed or uninspected vehicle outside of a building on private property is, by itself, any more a hazard to health and safety, which the ordinance declares is the end to be attained, than a licensed or inspected vehicle. What the borough has done is to legislate that uninspected and unlicensed vehicles outside of a building on private property are per se a hazard to health and safety and then prohibited an owner from having such vehicles on his property. Such procedure is not permitted. In general, an ordinance which without reason or necessity restricts one's use of his land or imposes a limitation which is oppressive cannot be enforced: Scholl v. Yeadon Borough, 148 Pa. Superior Ct. 601, 26 A. 2d 135 (1942), and cases therein cited. Moreover, it is clearly pointed out in Manorville Borough v. Flenner, 286 Pa. 103, 107, 133 Atl. 30, 31 (1926):

"That 'which is not an infringement upon the public safety and is not a nuisance, cannot be made one by legislative fiat and then prohibited': Bryan v. City of Chester, 212 Pa. 259, 262."

To the same effect is Commonwealth v. Christopher, 184 Pa. Superior Ct. 205, 132 A. 2d 714 (1957). The mere *"keeping"* of unlicensed and/or uninspected vehicles upon private property, even outside of a building, without more, is obviously not an "infringement upon the public safety" or a "nuisance."

It is significant that section 5 of the ordinance makes no reference to unlicensed or uninspected motor vehicles but provides as follows:

"5. The Borough shall have authority to remove any such wrecked or junked motor vehicles after five (5) days after notice to the owner of the premises to remove same, and shall collect the cost of such removal, plus ten (10%) per cent penalty, which sum shall be collected in the same manner as other municipal claims or by an action of assumpsit."

Upon the basis of the facts as stipulated, it is not necessary to pass upon the validity of the ordinance as a whole and we do not purport to do so. We hold only that the ordinance is invalid to the extent that it legislates that the keeping of unlicensed and/or uninspected motor vehicles on private property outside a closed building is per se a hazard to health and safety and, therefore, prohibited.