## Commonwealth v. Macalush, Jr.

*George T. McKinley,* of *Nanovic & McKinley,* for appellant.

*Joseph Velitsky,* for Kidder Township.

HEIMBACH, P. J., September 7, 1972.—Defendant was found guilty in a summary conviction proceeding of violating section 19.02 of the Kidder Township Zoning Ordinance.[1] We have for disposition, after hearing, his appeal from such conviction.

The undisputed evidence is this:

Defendant, without seeking a permit nor having a permit issued to him, placed a 500-gallon capacity steel gasoline container or tank on his one-acre lot. The lot is in a zoned residential area, on which is located his home and attached garage. Appellant estimated the tank to be four feet high and six feet long.[2] It has a hand pump on top and skids on the bottom. It rests on two removable cement blocks, and, for the most part, is hidden from view by the surrounding trees and shrubbery. When empty, the tank can readily be moved or lifted by two men. The tank was loaned to appellant by a gasoline supplier and the gasoline was used solely for his own private use.

The prosecution argues (a) this tank is a structure as contemplated by the ordinance, or (b) if not a structure, the addition of the gasoline tank is a change in the use of the land.

---

[1] Section 19.02 provides:

"A. *Zoning Permits.* Zoning permits shall hereafter be secured from the Zoning Officer's office prior to the issuance of a building permit for the construction, erection or alteration of a structure or sign or a part of a structure or upon a change in the use of a structure or land."

[2] A photograph of the tank indicates its size to be considerably less than the estimate.

"Structure" is defined as any man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the land: Pennsylvania Municipalities Planning Code of July 31, 1968, (No. 247), art. 1, sec. 107(20), 53 PS §10107(20).

Since this readily movable gasoline tank does not have an ascertainable stationary location, it obviously is not a "structure": Pennsylvania Municipalities Plannnine Code, sec. 107(20), supra.

Prior to the enactment of the Pennsylvania Municipalities Planning Code, supra, a structure within the meaning of the term in zoning ordinances ordinarily meant an object attached to a foundation or support and viewed as partaking of the status of realty: Humphreys et al. v. Stuart Realty Corporation, 364 Pa. 616, 622.

Although Humphreys et al. v. Stuart Realty Corporation, supra, no longer may be cited for the proposition that storage tanks containing petroleum products, unattached to the land, are not "structures" within the meaning of the term in zoning ordinances, see "An Analysis of the Zoning and Planning Act," Lenard L. Wolffe (1969), 42 Temple L. Q. 420, the court's statement at page 622 is not affected thereby and supports the conclusion that subject tank is not a structure within the meaning of the term in a zoning ordinance:

"While a term used in one statute may not call for the same construction as the same term in another, it is at least of interest in this connection to note that storage tanks—unless perhaps attached to concrete foundations or otherwise bolted into the ground—are almost invariably held in cases involving tax statutes to constitute nothing more than part of the apparatus and equipment of the business; if installed merely for the benefit of the industry conducted on the premises and of no particular benefit to the land if the industry

were removed they are regarded as personal property in the nature of trade appliances or machinery: Gulf Oil Corporation v. Philadelphia, 357 Pa. 101, 53 A. 2d 250; Foley v. The Pittsburgh-Des Moines Co., 363 Pa. 1, 33, 34, 68 A. 2d 517. The storage tanks here in question are merely containers of the products sold by defendant and are no more structures subject to the zoning law than would be cans, casks, vats, tuns or other types of containers used in other business enterprises."

We find no merit in the prosecution's second contention that a change in the use of the land has been effected by the addition of the gasoline tank on the premises. The premises continues to be used solely as a residential property and such restricted use has not been changed by the addition of the gasoline tank for the personal use of defendant.

We find nothing in the ordinance that prohibits or regulates the use of gasoline storage tanks for private use in residential districts.[3] Absent such a prohibition or regulation, if constitutional, a permit for its use is not required.[4]

Wherefore, for the reasons stated we sustain the appeal and enter the following

---

[3] Section 603 of the Pennsylvania Municipalities Planning Code, supra, 53 PS § 10603, inter alia, provides: "Zoning ordinances may permit, prohibit, regulate, restrict and determine: (1) Uses of land, watercourses, and other bodies of water."

[4] Although having no relevancy, prosecutor's further contention that a permit was required because a gasoline storage tank creates a dangerous hazard is without merit. The law in the Commonwealth is well settled that the storage of gasoline in properly constructed tanks is not dangerous to life and property, and is not a nuisance per se: Manorville Borough v. Flenner, 286 Pa. 103; Erie v. Gulf Oil Corporation, 395 Pa. 383.

## ORDER

Now, to wit, September 7, 1972, defendant's appeal is sustained and he is found not guilty of violating section 19.02 of the Township of Kidder Ordinance.

The fine and costs are directed to be refunded to defendant.

Costs on the Township of Kidder.