# Bryan *v.* City of Chester, Appellant.

*Municipalities—Ordinances—Regulation of bill boards—Equity.*

A municipality has no power to enact an ordinance forbidding citizens to erect billboards on their own property merely because such boards are unsightly, or may create a nuisance.   Any citizen against whom such an ordinance is sought to be enforced is entitled to the protecton of a court of equity.

Under the police powers of a municipality it may prohibit the erection of insecure billboards within its limits, prevent the exhibition from secure ones of immoral or indecent advertisements or pictures, and protect the community from any actual nuisance resulting from the use of them, but it can go no further.

All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health, or comfort of the public, but a limitation without reason or necessity cannot be enforced.

Argued Feb. 7, 1905.   Appeal, No. 379, Jan. T., 1904, by defendants, from decree of C. P. Delaware Co., Sept. T., 1904, No. 142, on bill in equity in case of Eugene H. Bryan v. City of Chester, H. H. Houston, mayor, William Leary, chief of police, Robert Smith, alderman, and James Mullen, police officer.   Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for an injunction to restrain interference with a billboard.   Before JOHNSON, P. J.

On December 1, 1903, the city of Chester passed an ordinance, section 1 of which is as follows : " It shall be unlawful for any person, firm, corporation or company to erect and construct within the city limits any show, bill, advertising or other board or structures for the purpose of painting, pasting, posting or otherwise putting and placing thereon any advertisement, sign, notice or show bill of any nature or kind whatsoever, or to use any present fence and structure for such purposes, provided that the provisions hereof shall not apply to any sign or advertisement in front of and at any church, theatre, place of amusement, store, office or place of business, which may remain or be put up and placed under existing laws and ordinances, and provided further that it does not extend to any show, bill or advertisment boards now in existence and in use in the city."

The plaintiff's bill alleged that he is the lessee of certain lots in the city of Chester, upon which he desires to erect billboards of galvanized iron, built on substantial timber in a safe and workmanlike manner, and that he has been interfered with by the officers of the city of Chester and prevented from making said erection.

He alleged that the said ordinance is illegal, unreasonable and unjust, and prays the court to enjoin the city of Chester and its officers from interfering with him in the erection of billboards on his own land and to declare the said ordinance void.

To this bill the defendant demurred.

The court overruled the demurrer, and entered a decree in accordance with a prayer of the bill.

*Error assigned* was the decree of the court.

*A. A. Cochran,* for appellants.—While equity courts will intervene where there is likely to be irreparable injury or a multiplicity of suits, they will not interfere by injunction to restrain a criminal prosecution, whether the prosecution be for violation of statutes, or for an infraction of municipal ordinances: In re Sawyer, 124 U. S. 200 (8 Sup. Ct. Repr. 482); Rogers v. Cincinnati, 5 McLean (U. S.), 337; Poyer v. Village of Des Plaines, 123 Ill. 111 (13 N. E. Repr. 819): Gartside v. East St. Louis, 43 Ill. 47; McLaughlin v. Jones, 3 W. N. C. 203; Marvin Safe Co. v. N. Y., 38 Hun, 146; Schwab v. City of Madison, 49 Ind. 329; Chisholm v. Adams, 71 Tex. 678 (10 S. W. Repr. 336).

Neither will an injunction issue to restrain the enforcement of an ordinance on the ground that it is unreasonable and oppressive, there being in such case an adequate remedy at law: Field v. Village of Western Springs, 181 Ill. 186 (54 N. E. Repr. 929); City of Denver v. Beede, 25 Colo. 172 (54 Pac. Repr. 624).

Police ordinances are such as conduce to the promotion of comfort, safety, health, convenience and general welfare of the public: Wice v. Chicago, etc., Ry. Co., 193 Ill. 351 (61 N. E. Repr. 1084).

No limit or measure can be applied to this class of municipal

prohibition, and generally it rests in the legislative discretion and judgment of councils : City of New Orleans v. Graffina, 52 La. Ann. 1082 (27 So. Repr. 590) ; Brooklyn v. Nassau Electric R. R. Co., 61 N. Y. Supp. 33 ; Cartwright v. Board of Health, 56 N. Y. Supp. 731 ; Chicago v. Stratton, 162 Ill. 494 (44 N. E. Repr. 853) ; Wettengel v. Denver, 20 Colo. 552 (39 Pac. Repr. 343) ; Phila. v. Brabender, 201 Pa. 574.

In City of Rochester v. West, 53 N. Y. Supp. 1101, an ordinance was upheld which prohibited the erection of billboards beyond a given height, without the permission of council.

*John E. McDonough*, for appellee.—The reasonable enjoyment of one's vested real estate is certainly a vested right which cannot be interfered with or limited arbitrarily : Crawford v. City of Topeka, 51 Kansas, 756 (33 Pac. Repr. 476) ; Yates v. Milwaukee, 77 U. S. 497 ; People v. Green, 85 App. Div. 400 (83 N. Y. Supp. 460).

If the foregoing is the law, there is no doubt that the city of Chester is without authority to pass the ordinance complained of : Commissioners, etc., v. Gas Co., 12 Pa. 318 ; Kneedler v. Norristown Boro., 100 Pa. 368 ; Millerstown Boro. v. Bell, 123 Pa. 151.

If the city had the right to enact such an ordinance, it is invalid because of its discriminating features : Soon Hing v. Crowley, 113 U. S. 703 (5 Sup. Ct. Repr. 730) ; Philadelphia v. Brabender, 201 Pa. 574 ; Chicago v. The Gunning System, 114 Ill. App. 377 ; Bill Posting Sign Co. v. Atlantic City, 58 Atl. Repr. 342.

Equity has jurisdiction : Hamzell v. Allegheny, 50 Pitts. Legal Jour. 313 ; Pittsburg, etc., Street Ry. Co. v. Monongahela City, 50 Pitts. Legal Jour. 275 ; Seltzer v. Electric Co., 199 Pa. 100 ; Penna. R. R. v. Lilly Borough, 207 Pa. 180.

OPINION BY MR. JUSTICE BROWN, May 24, 1905 :

Under the police powers of a municipality it may prohibit the erection of insecure billboards within its limits, prevent the exhibition from secure ones of immoral or indecent advertisements or pictures and protect the community from any actual nuisance resulting from the use of them. But this is not what the city of Chester attempted to do by its ordinance of December 1, 1903.

There is a recital in the preamble of the ordinance that, in the sense of councils, showbills and advertising boards are unsightly, and very often are either a nuisance or create one; and thereupon those bodies ordained that in the future no additional boards shall be erected or constructed within the city limits, but permitting those already constructed and used to continue for the purpose of advertising. To say nothing of this inconsistent discrimination, the ordinance means that though, as a matter of fact, a billboard may not be unsightly to the eyes of any other person than those of the members of councils, and may not be a nuisance nor create one, and the advertisements on it may neither shock nor offend public decency, an owner of private property cannot erect one on his land. This is a gross attempt at interference with the lawful use of private property, and the learned judge below properly declared the ordinance void in concisely saying : " I know of no principle upon which it can be sustained. It is not a police regulation, nor for the preservation of health or the abatement or prevention of a nuisance, nor is it a fence or fire regulation." To this we do not feel called upon to add anything, contenting ourselves with quoting the following from Crawford v. City of Topeka, 51 Kansas, 756 : "All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public ; but a limitation without reason or necessity cannot be enforced. In what way can the erection of a safe structure for advertising purposes, near the front of a lot, endanger public safety any more than a like structure for some other lawful purpose ?. . . . Although the police power is a broad one, it is not without limitation, and a secure structure which is not an infringement upon the public safety, and is not a nuisance, cannot be made one by legislative fiat, and then prohibited : Yates v. Milwaukee, 10 Wall. 497 ; 1 Dill. on Munc. Corp. sec. 374. It is doubtless within the power of the city to prohibit the erection of insecure billboards or other structures, require the owners to maintain them in a secure condition, and to provide for their removal at the expense of the owners in case they become dangerous. Perhaps regulations may be made with reference to the manner of construction so as to insure safety, but the prohibition of the erection of structures upon the lot line, how-

ever safe they might be, would be an unwarranted invasion of private right."

Under the facts set forth in the bill there can be no doubt that this proceeding was properly instituted by the appellee. The decree of the court overruling the demurrer and directing the injunction to issue, is affirmed at appellants' costs.