## Pittsburgh Poster Advertising Company v. Swissvale Borough, Appellant.

*Municipalities—Billboards—License—Police power—Invalid ordinance.*

While a municipality has under its police power, the right to enact an ordinance for the licensing and regulation of billboards, it cannot, in such an ordinance, compel an applicant for a license to sign an agreement that he will keep the property in a clean condition, clear of all rubbish, garbage, waste, paper and similar things; nor can it provide that the board must be three feet above the street curb, inasmuch as that would prevent the use of lots lying lower than the street from being employed as sites for billboards; nor can it provide that the billboard must be painted; nor can it enact the payment of fifty cents per lineal foot as a license fee without any provision specifying the term during which such fee is available.

Argued April 24, 1918. Appeal, No. 64, April T., 1918, by defendant, from decree of C. P. Allegheny Co., April T., 1917, No. 233, on bill in equity in case of Pittsburgh Poster Advertising Company v. Swissvale Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction to restrain a borough from interfering with the construction of a billboard, and from enforcing an ordinance relating to the licensing of billboards. Before SWEARINGEN, J.

The case turned upon the validity of an ordinance of the Borough of Swissvale relating to the licensing of billboards. The provisions of the ordinance are summarized in the opinion of the Superior Court.

224, (1918).] Assignment of Error—Opinion of the Court.

*Error assigned* was decree awarding an injunction, and declaring the ordinance null and void.

*Samuel J. McKim,* for appellant.—The State, in the exercise of its police power, can reasonably regulate billboards: Bryan v. City of Chester, 212 Pa. 259; Cream City Bill Posting Co. v. Milwaukee, 147 N. W. R. 25; Thomas Cusack Co. v. City of Chicago, 267 Ill. 344; Welch v. Swasey, 193 Mass. 364; Benz v. Kremer, 142 Wis. 1; Crawford v. City of Topeka, 51 Kan. 756; Commonwealth v. Boston Advertising Co., 188 Mass. 348; St. Louis Gunning Advertising Co. v. City of St. Louis, 137 S. W. R. 929.

*J. Rogers McCreery,* for appellee, cited: Bryan v. City of Chester, 212 Pa. 259; Thomas Cusack Co. v. Chicago, 242 U. S. 526.

OPINION BY TREXLER, J., July 10, 1918:

The ordinance in question purports in its title to regulate the erection, maintenance and use of billboards and other devices. It provides for a license for the erection of a billboard and the payment of a fee of fifty cents per lineal foot. There must be an application setting forth the details of construction, name and address of the owner of the board and of the lot on which it is to be erected, and provides that the applicant shall sign an agreement that he will keep the property upon which said board is erected clear of all rubbish, and in a sanitary condition. It also prescribes how the board shall be built: the base shall be three feet above the street curb, it is to be kept in clean condition, shall be painted, shall be constructed of iron or other noncombustible material when within the fire limits of the borough. The inspection of the billboard is to be made every week. It declares any billboard not erected in accordance with the provisions of the ordinance, to be a common and public nuisance and to be removed by the owner and in default

of his doing so, to be destroyed by the superintendent of public works.    The ordinance also provides a penalty of not less than ten dollars or more than one hundred dollars for failure to remove such board after notice.

The lower court decided the ordinance void.    The law as to the authority of municipalities over billboards is stated in Bryan v. City of Chester, 212 Pa. 259: "All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity cannot be enforced."    "Although the police power is a broad one, it is not without limitation, and a secure structure which is not an infringement upon the public safety, and is not a nuisance, cannot be made one by legislative fiat and then prohibited."    "It is doubtless within the power of the city to prohibit the erection of insecure billboards or other structures, require the owners to maintain them in a secure condition, and to provide for their removal at the expense of the owners in case they become dangerous.    Perhaps regulations may be made with reference to the manner of construction so as to insure safety......."

There are some provisions of the ordinance which we think are unreasonable.    We see no authority in law to compel the applicant to sign an agreement that he will keep the property in a clean condition, clear of all rubbish, garbage, waste, paper and similar things.    There is no more reason why he should not have the same right to deposit anything on his property not creating a nuisance as well as any other citizen.    If his use of the property creates a nuisance, the nuisance may be abated. Whether a nuisance exists is established by the facts in each case.    Putting rubbish and waste paper on a property is not per se creating a nuisance.    Further, the city has no right to compel the applicant to sign an agreement to comply with the law.    His duty to do that arises from the contract of society and not by any agreement between him and the city.    It might be very desirable to

compel by ordinance every citizen of a town to agree to obey its laws, but there is no warrant for so doing, and no one should be deprived of the use of his property by reason of his failure to sign such agreement.

We are not prepared to say that the provision that the base of the billboard shall be three feet above the ground is unreasonable. This space may serve a useful purpose for sanitary inspection and also prevent the use of the rear of the board for purposes which might affect the health and comfort of the immediate neighborhood; but the provision that it must be three feet above the street curb is unreasonable. It would prevent the use of certain lots lying lower than the street from being employed as sites for billboards.

The provision that the billboard must be painted is also unreasonable. The borough cannot forbid the erection of an unpainted structure on private property, because it may offend the æsthetic taste of any one.

The provision as to the payment of fifty cents per lineal foot license fee is also open to serious criticism. Evidently if the ordinance is correctly printed in the paper book, the thought of the borough council has not been completely expressed. Section 8 provides: "Before any license is issued by the borough secretary a fee of fifty (50) cents per lineal foot of space occupied by said boards or other devices shall be paid to the secretary, which fee shall entitle said applicant to erect said boards and other devices and maintain the same until next succeeding." If the fifty cents per lineal foot is for the inspection of the board during its erection, it is too high, for there is no evidence that any such sum is required to compensate the borough for the cost of such inspection. If it is to include inspection thereafter then the term during which said fee is available for that purpose should be set forth in the ordinance and this was evidently the intention of the borough, but the time was omitted.

In the case of Bryan v. City of Chester, supra, in the portion above quoted, the Supreme Court of this State states that "perhaps" boroughs have the right to make regulations of the manner of construction of billboards. The courts of other states have sanctioned such regulations if they be reasonable. The authorities are not all in harmony. They are collected in McQuillin Municipal Corporations, Vol. III, Section 929. We recognize the right of municipalities to interfere with the control of the erection of buildings by prescribing certain rules and regulations as to how such buildings are to be constructed. Such rules are essential in order to preserve the safety of the people. We see no reason why the judgment of the authorities when reasonably exercised may not determine how billboards in the future shall be erected in order to secure the safety, and health of the people, but we think the provisions of the ordinance specified above are unreasonable, and are not within the powers of the borough authorities to enact.

The decree of the lower court is affirmed.