Gambone *v.* Commonwealth, Appellant.

Argued November 18, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harry F. Stambaugh,* Special Counsel, with him *Frank F. Truscott,* Attorney General, for appellants.

*David Goldberg,* with him *Verlin & Goldberg,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 4, 1954:

The question involved in this appeal is the constitutionality of the Act of September 28, 1951, P. L. 1548, which amended the Act of June 1, 1931, P. L. 299.

The Act of September 28, 1951, P. L. 1548, provided that every person engaged in the retail sale of liquid fuels shall post on each pump from which the liquid fuels are sold a sign or placard, not less than ten inches in height and twelve inches in width, nor larger than twelve inches in height and twelve inches in width, stating clearly and legibly, in letters and numbers of uniform size and coloring, the selling price per gallon of liquid fuels so sold or offered for sale, together with the name, symbol, trade name, brand or mark of such liquid fuel. In stating the price there shall be stated separately on such sign or placard the amount of State tax per gallon, the amount of federal tax per gallon, and the amount other than taxes charged for liquid fuels per gallon, and the total of these amounts. No sign or placard showing the price of liquid fuels sold or offered for sale or relating to price or prices, other than the signs or placards thus provided for, shall be posted or displayed on the premises or any other place or places adjacent thereto, unless the signs or placards shall be similar as to size, uniformity and coloring of figures and lettering to the sign or placard posted on the pump, and which shall be visible to the public. There was a proviso that when the total selling price to be paid is clearly displayed on a quantity computing device or

calculator attached to the pump, such posting of price thereon shall be considered sufficient compliance with the Act. Section 2 provided a penalty of fine, and in default of payment thereof imprisonment, for any violation of the provisions of the Act.

The portion here challenged is that which prohibits the display of any sign showing the price of liquid fuels sold or offered for sale unless it be "similar as to size, uniformity and coloring of figures and lettering to the sign or placard posted on the pump." In other words, any display of gasoline price signs in excess of twelve inches in height and twelve inches in width is forbidden. The question immediately arises as to the purpose of such a provision. In the bill of complaint filed by plaintiffs, who are engaged in the retail gasoline business in Norristown, they alleged that it constitutes an arbitrary and unreasonable interference with their rights, deprives them of their property without due process of law, and does not represent a valid exercise of the police power of the Commonwealth. Accordingly they sought an injunction against defendants, who are State officials, from interfering with their displaying gasoline price signs of a size greater than that prescribed by the statute. Defendants filed an answer and new matter in which they averred that the purpose of the Act was to prevent fraudulent advertising of prices, price cutting and price wars. Plaintiffs filed a reply, hearing was had, and the court entered a decree adjudging that the portion of the statute complained of was unconstitutional, null and void, and granting the injunction requested. Defendants appeal from that decree.

Probably the most important function of government is the exercise of the police power for the purpose of preserving the public health, safety and morals, and it is true that, to accomplish that purpose, the legis-

lature may limit the enjoyment of personal liberty and property. It is also true, as stated in *Commonwealth v. Zasloff*, 338 Pa. 457, 460, 13 A. 2d 67, 69, that the police power has been juridically extended to many fields of social and economic welfare. But, as likewise there stated, the power is not unrestricted; its exercise, like that of all other governmental powers, is subject to constitutional limitations and judicial review. By a host of authorities, Federal and State alike,[1] it has been held that a law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the public interests the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the

---

[1] *Mugler v. Kansas*, 123 U. S. 623, 661; *Lawton v. Steele*, 152 U. S. 133, 137; *Dobbins v. Los Angeles*, 195 U. S. 223, 236; *Welch v. Swasey*, 214 U. S. 91, 105; *Burns Baking Co. v. Bryan*, 264 U. S. 504, 513; *Weaver v. Palmer Brothers Co.*, 270 U. S. 402, 415; *Liggett Co. v. Baldridge*, 278 U. S. 105, 113; *New State Ice Co. v. Liebmann*, 285 U. S. 262, 278; *Bryan v. City of Chester*, 212 Pa. 259, 61 A. 894; *Manorville Borough v. Flenner*, 286 Pa. 103, 107, 133 A. 30, 31; *White's Appeal*, 287 Pa. 259, 264, 265, 268, 269, 134 A. 409, 411, 413; *Harris v. State Board of Optometrical Examiners*, 287 Pa. 531, 536, 135 A. 237, 239; *Breinig v. Allegheny County*, 332 Pa. 474, 483, 2 A. 2d 842, 848; *Commonwealth v. Zasloff*, 338 Pa. 457, 460, 13 A. 2d 67, 69; *Hertz Drivurself Stations Inc. v. Siggins*, 359 Pa. 25, 46-48, 58 A. 2d 464, 476, 477; *Otto Milk Co. v. Washington City*, 363 Pa. 243, 252, 253, 69 A. 2d 399, 403, 404; *Pittsburgh Poster Advertising Co. v. Swissvale Borough*, 70 Pa. Superior Ct. 224; *Prospect Park Borough v. McClaskey*, 151 Pa. Superior Ct. 467, 471, 472, 30 A. 2d 179, 181, 182.

police power, is one for the judgment, in the first instance, of the law-making branch of the government, but its final determination is for the courts.[2]

Testing the provision of the Act here in question by these principles of constitutional law, we cannot but conclude, as did the court below, that the prohibition of the posting on the gasoline dealers' premises, or property adjacent thereto, of price signs in excess of a certain prescribed size is wholly unreasonable and arbitrary and bears no rational relation to public health, safety, morals, or welfare. Defendants state that the object is to prevent fraud and deception, it being claimed that some dealers endeavor to attract passing motorists by misleading advertisements calculated to make them believe that the gasoline was being sold at a lower price than was actually the case. It is quite impossible, however, to see how the size of the sign would have any relevancy to the perpetration of such fraud; on the contrary, it would seem that the larger the sign the more difficult it would be for the dealer to deceive the purchaser. It would also seem that, to prevent such fraud, the prohibition should be directed, not against the size of the sign, but against the placing thereon of any false statements concerning the price; incidentally such a provision already exists in The Penal Code of June 24, 1939, P. L. 872, Section 857, which imposes a penalty of fine or imprisonment in the case of untrue, deceptive or misleading advertising.

---

[2] *Mugler v. Kansas*, 123 U. S. 623, 661; *Lawton v. Steele*, 152 U. S. 133, 137; *Dobbins v. Los Angeles*, 195 U. S. 223, 236, 237, 238; *Burns Baking Co. v. Bryan*, 264 U. S. 504, 513; *Commonwealth v. Vrooman*, 164 Pa. 306, 316, 30 A. 217, 219; *White's Appeal*, 287 Pa. 259, 264, 265, 134 A. 409, 411; *Harris v. State Board of Optometrical Examiners*, 287 Pa. 531, 536, 135 A. 237, 239; *Breinig v. Allegheny County*, 332 Pa. 474, 483, 2 A. 2d 842, 848; *Commonwealth v. Zasloff*, 338 Pa. 457, 460, 461, 13 A. 2d 67; 69, 70.

Defendants advance, as another purpose of the statutory provision in question, the prevention of price cutting. Here again there would appear to be an utter lack of connection between the size of the sign and the upholding of a uniform price, since the evil to be avoided would not logically be prevented by forbidding conspicuous advertisement of the lower price but rather by prohibiting a lower price being charged. Nor is price cutting, in fact or in law, really an evil, unless it be when its object is sinister, as, for example, to destroy a competitor and, by suffering a temporary loss, thereby gain an ultimate monopoly: *Commonwealth v. Zasloff*, 338 Pa. 457, 462, 13 A. 2d 67, 70. The law ordinarily seeks to prevent prices being made higher by trusts and combinations rather than lower by the force of competition, whereas the object of the present Act would seem to be the fostering rather than the prevention of monopoly (cf. *New State Ice Co. v. Liebmann*, 285 U. S. 262, 279). Unless a business is affected with a public interest, or unless there is involved a question of monopoly in restraint of trade, the right of an owner to fix a price at which his property shall be sold is an inherent attribute of the property itself and as such within the constitutional protection of the requirement of due process of law: *Tyson & Brother v. Banton*, 273 U. S. 418, 429; *Fairmont Creamery Co. v. Minnesota*, 274 U. S. 1; *Ribnik v. McBride*, 277 U. S. 350; *Old Dearborn Distributing Co. v. Seagram-Distillers Corp.*, 299 U. S. 183, 192. It has been held that, while the gasoline business is enormously large, it is not affected with a public interest: *Williams v. Standard Oil Co. of Louisiana*, 278 U. S. 235, 240, and since, therefore, there is nothing in law to prevent the vendor of gasoline from selling it at any price he pleases, there is no reason why he should not be allowed to advertise such price. The denial of that right is a taking of property without due process.

Statutory provisions more or less similar to the one here in controversy have been the subject of litigation and decision in other jurisdictions. They have been declared unconstitutional in New Jersey (*Regal Oil Co. v. State*, 123 N.J.L. 456, 10 A. 2d 495); Connecticut (*State v. Miller*, 126 Conn. 373, 12 A. 2d 192); Michigan (*Levy v. City of Pontiac*, 331 Mich. 100, 49 N.W. 2d 80); and Delaware (*State v. Hobson*, 83 A. 2d 846). And while a contrary view has been taken in Massachusetts (*Slome v. Chief of Police of Fitchburg*, 304 Mass. 187, 23 N.E. 2d 133; *Merit Oil Co. v. Director of Division on Necessaries of Life*, 319 Mass. 301, 65 N. E. 2d 529) and New York (*People v. Arlen Service Stations Inc.*, 284 N. Y. 340, 31 N.E. 2d 184), we are not in accord with the reasoning upon which the conclusions in those cases were based.

We hold that the provision of the statute forbidding price signs in excess of the size therein prescribed violates Article I, sections 1 and 9 of the Constitution of Pennsylvania, and also the 14th Amendment to the Constitution of the United States, and is therefore null and void.

Decree affirmed.