# Lower Gwynedd Township v. Bade

*Donald A. Gallagher, Waters, Fleer, Cooper & Gallagher*, for appellant.

*Thomas J. Timoney*, for appellee.

FORREST, P. J., June 24, 1964.—This is an appeal by appellant, John Bade, who on October 24, 1963, was found guilty before Justice of the Peace, Herbert Kitchenman, of violating Ordinance No. 70 of Lower Gwynedd Township. Ordinance no. 70 was adopted on September 16, 1963, and the pertinent portion thereof reads as follows:

"No person, association or corporation shall permanently remove or permit the permanent removal of top-

soil from any land located within the Township of Lower Gwynedd." [Certain exceptions not applicable here were provided.]

It is stipulated by counsel that on or about October 14, 1963, and on numerous occasions prior thereto, John Bade, and others acting in his employment and under his authority and direction, did permanently remove topsoil from certain land in Lower Gwynedd Township. The issue to be decided by this court is whether ordinance no. 70, as enacted by Lower Gwynedd Township, prohibiting the permanent removal of topsoil is a valid and constitutional exercise of the police power having a real and substantial relation to the public health, safety, morals and general welfare.

A review of the record discloses the following facts. Appellant, John Bade, operates a topsoil removal operation on Norristown Road in Lower Gwynedd Township. Appellant removes only the upper portion of the top soil layer and upon completion of this removal, reseeds that area with grass. It appears that appellant has operated a sod and topsoil business in Eastern Montgomery County since 1942, when he took over the business from his father. Appellant's customers are made up to a great extent of individuals who require top soil for their yards, but also include nurserymen, landscape men, townships, schools and country clubs.

It is the contention of Lower Gwynedd Township that ordinance no. 70 comes within the scope of the general police power of the township. In support of their position, it cites many direct and indirect adverse effects, a few of which may be stated as follows; that considerable dust arises; that there is a permanent loss to the community of the value of a natural asset [topsoil]; that many trucks spill dust and mud on the roads; that the ability of the land to support vegetation is substantially decreased; that erosion causes sedimentation, clogging of streams, gullying of

land, making the land barren and unattractive. They also contend that falling rain runs off, decreasing percolation and resulting in a reduction of the available water supply, not to mention decreasing the ability of the land to support sanitary disposal systems.

A thorough review of the record discloses that these allegations are not supported by the testimony. It does not appear that the process of topsoil removal creates any more dust or erosion than ordinary farming, a permitted use in the area in which appellant's present operation is conducted. In fact, some of the land from which appellant removed a layer of topsoil was thereafter farmed and produced crops such as corn, oats, wheat and clover. With regard to the contention that mud and dust are deposited on the roads by trucks from this topsoil removal operation, this court fails to find adequate evidence to support this contention. The only testimony with regard to the water level is that the water table has decreased. There is absolutely no testimony as to what caused such a decrease. The same holds true concerning the ability of the land to support a sanitary disposal system. No connection between the removal of topsoil and this fact is offered. It is quite evident that the testimony upon which the township seeks to rely is general in nature, often vague, and at most inconclusive.

In order for an ordinance to be a valid exercise of the police power, it must have a reasonable and substantial relation to the public health, safety, morals or general welfare: Anstine v. Zoning Board of Adjustment, 411 Pa. 33 (1963) ; Bready v. Upper Moreland Township, 83 Montg. 113 (1963). It is important to note that this ordinance *absolutely prohibits* the removal of topsoil in any amount from any and every portion of the land in Lower Gwynedd Township. This is a flat prohibition against any removal of topsoil within the entire confines of the Township. As was

stated in Anstine v. Zoning Board of Adjustment, supra, at page 37:

"In Archbishop O'Hara's Appeal, supra, (pg. 57), quoting from Lord Appeal, 368 Pa. 121, 81 A2d 533 and White's Appeal, 287 Pa. 259, 134 A409, it was stated (pp. 57, 58): ' " ' . . . all property is held in subordination to the right of its reasonable regulation by the government *clearly necessary* to preserve the health, safety, or morals (or general welfare) of the people. . . . There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety, and general welfare. . . .' " ' "

In Gambone v. Commonwealth, 375 Pa. 547, 101 A 2d. 634 (1954), the Supreme Court of Pennsylvania states, at page 551, as follows:

"By a host of authorities, Federal and State alike, it has been held that a law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the public interests, the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the police power is one for the judgment, in the first instance, of the law-making branch of the government, but its final determination is for the courts."

After considering the provisions of this ordinance in relation to the above stated principles, this court is of the opinion that ordinance no. 70 is wholly unreason-

able and arbitrary, and that it bears no real and substantial relation to the public health, safety, morals or general welfare. In enacting this ordinance, the township has gone far beyond the actual necessities of the case, and unreasonably and arbitrarily interfered with the private ownership of property. The record in the instant case does not disclose *any clear necessity* to preserve the health, safety, morals or general welfare of the community which would justify such an interference with private business and one's ownership of property.

Although there does not appear to be any case in Pennsylvania dealing with the validity of an ordinance prohibiting the removal of topsoil from a township, there are certain cases from other jurisdictions. In Town of Burlington v. Dunn, 318 Mass. 216, 61 N. E. 2d 243, 168 A. L. R. 1181 (1945), the Supreme Court of Massachusetts upheld an ordinance prohibiting removal of topsoil from a residential area. It should be noted in that case that the court took judicial notice of the fact that "Burlington is a small town, generally residential in character." That case is therefore distinguishable on its facts in that they prohibited removal of topsoil from one district zoned residential, while the ordinance in the present case applies to an entire township containing many zoning classifications.

No other case has been cited to this court that is representative of our present factual situation, wherein we have an absolute prohibition against the removal of topsoil within a large and partially rural township. We therefore conclude that ordinance no. 70 is an invalid and unconstitutional ordinance in that it has no reasonable or substantial relation to the public health, safety, morals or welfare so as to constitute a taking of property without due process of law.

And now, June 24, 1964, the appeal of appellant

from conviction of violation of ordinance no. 70 of Lower Gwynedd Township is sustained and the conviction of appellant is reversed. Costs to be paid by the Township of Lower Gwynedd.